SIGNED.

Dated: December 08, 2009

*James M. Marlar*
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| ERIC WARNER AHART and MELANIE KRISTINE AHART, | No. 4:08-bk-09967-JMM |
| Debtors. | **MEMORANDUM DECISION** |

## BACKGROUND

The Debtors filed a Chapter 7 petition on August 5, 2008, pro se. In their schedules, they listed 59 unsecured creditors to whom they owed an aggregate amount of $237,130 (DN 16).

Proofs of claim were filed by ten unsecured creditors, in a total amount of $5,213.60. The last date to file claims was January 27, 2009 (DN 31). The Debtors' discharge was entered on October 14, 2009 (DN 53).

On September 15, 2009, the Debtors filed a pleading with this court, seeking to enjoin a judgment creditor, Sharol Harris,[1] from continuing garnishment proceedings, in violation of the either the automatic stay of 11 U.S.C. § 362(a), or the permanent discharge injunction of 11 U.S.C. § 524 (DN 43). This notice was served on Harris and McNeil, LLP, the collection agency, at 20783 N. 83rd Ave., #103, Peoria, AZ 85382-7430.

---

[1] It is unknown to this court whether Sharol Harris is collecting her own debt, or is an agent for another.

In response to Ms. Harris' motion to the state court, the garnishment had been reinstated on or about September 9, 2009 (DN 43), even though the bankruptcy was pending at that time.

This court held a hearing on the Debtors' motion on October 6, 2009, but no one appeared (DN 46). The Debtors claim they did not receive notice. No reason was given as to why Sharol Harris, or Harris and McNeil, failed to appear.

Now, in response to the renewed motion to enjoin, Sharol Harris, pro se, has filed a pleading entitled "Motion and Affidavit to Vacate Discharge" (DN 56).

## **DISCUSSION**

### **A. Motion to Set Aside Discharge Order**

The discharge was entered on October 14, 2009. The motion to set aside the discharge order was filed on October 20, 2009. The court will treat it as a motion to alter or amend. FED. R. BANKR. P. 9023.

The first ground is that the Financial Management Course was not completed by May 8, 2009. Instead, the course was completed on September 11, 2009 (*see* DN 52).

This court has the discretion and power to extend deadlines. FED. R. BANKR. P. 9006. In this case, it does so to enable the Debtors to obtain their discharge from all unsecured debts. Therefore, the Motion to Vacate Discharge, on that ground, will be DENIED.

The second ground is that the Debtors failed to "pay a $260" reopening fee, after their case was initially dismissed. However, it was never closed, only dismissed. Because it was reopened prior to the case being closed, there is no "reopening fee" required. The Motion will be DENIED on this ground.

The third ground is that the Trustee did not quickly close the administration of this case. There is no statute which sets a timetable for such action, and the Trustee did not unduly delay in his administration of the case. The motion, on this ground, will be DENIED.

2
Case 4:08-bk-09967-JMM    Doc 57    Filed 12/08/09    Entered 12/09/09 14:36:28    Desc
Main Document    Page 2 of 4

The creditor's motion to vacate discharge is therefore DENIED.

## B. Violation of Automatic Stay / Discharge Injunction

The Debtors contend that the creditor has maintained a garnishment action against them. The timetable is:

| | |
|---|---|
| August 5, 2008 | Bankruptcy filed. Automatic stay of 11 U.S.C. § 362(a) applies. |
| October 30, 2008 | Case dismissed. |
| January 28, 2009 | Case reinstated. |
| August 24, 2009 | Harris asks state court to reinstate garnishment. |
| September 9, 2009 | State court reinstates garnishment. |
| October 14, 2009 | Debtors receive discharge. |

The creditor appears to have violated the automatic stay of 11 U.S.C. § 362(a). If the creditor has continued the garnishment past October 14, 2009, the creditor has also violated the permanent injunction of 11 U.S.C. § 524. The creditor must therefore return all funds garnished from the Debtor's accounts and/or jobs since filing (August 5, 2008 to the present), less any sums received during the dismissed period (October 30, 2008 - January 28, 2009).

The parties should advise the court, <u>with evidence</u>, as to what those sums, if any, are. Evidence of those sums should be submitted within 30 days. An order will then be entered to return any garnished funds which occurred during this case.

Sharol Harris and the collection agency of Harris and McNeil, LLP will be ORDERED to immediately terminate any outstanding garnishments.

| | |
|---|---|
| 1 | A separate order will be entered. FED. R. BANKR. P. 9021. |
| 2 | |
| 3 | DATED AND SIGNED ABOVE. |
| 4 | |
| 5 | COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following: |
| 6 | |
| 7 | Eric Warner Ahart and Melanie Kristine Ahart, Debtors |
| 8 | Sharol Harris<br>20784 N. 83rd Ave., #103<br>PMB 236 |
| 9 | Peoria, AZ 85382-7430 |
| 10 | Harris and McNeil, LLP<br>20784 N. 83rd Ave., #103 |
| 11 | PMB 236<br>Peoria, AZ 85382-7430 |
| 12 | Stanley J. Kartchner, Trustee |
| 13 | Office of the U.S. Trustee |